# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>  Plaintiff,<br><br>  v.<br><br>NEOS THERAPEUTICS, INC., GERALD MCLAUGHLIN, GREG ROBITAILLE, BETH HECHT, JOHN SCHMID, LINDA M. SZYPER, ALAN HELLER, BRYANT FONG, and JAMES ROBINSON,<br><br>  Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.  This is an action brought by Plaintiff against Neos Therapeutics, Inc. ("Neos" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Neos will be acquired by Aytu BioScience, Inc. ("Aytu") (the "Proposed Transaction").

2.  On December 10, 2020, Neos and Aytu issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated December 10, 2020 (the "Merger Agreement") to sell Neos to Aytu. Under the terms of the Merger Agreement, each Neos

stockholder will receive 0.1088 shares of Aytu common stock for each share of Neos common stock they own (the "Merger Consideration").  The Proposed Transaction is valued, on a fully diluted basis, at approximately $44.9 million based on the 10-day volume weighted average price of Aytu stock for the period ended December 9, 2020.

3. On February 9, 2021, Neos filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Neos stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, MTS Securities, LLC ("MTS").  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, Neos' public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Neos.

9. Defendant Neos is a Delaware corporation with its principal executive offices located at 2490 N. Highway 360, Grand Prairie, Texas 75050. Neos is a commercial-stage pharmaceutical company developing and manufacturing central nervous system-focused products. Neos' common stock trades on the NASDAQ Global Select Market under the ticker symbol "NEOS."

10. Defendant Gerald McLaughlin ("McLaughlin") has been the Company's Chief Executive Officer, President and a director since June 2018.

11. Defendant Greg Robitaille ("Robitaille") has been a director of the Company since 2009.

12. Defendant Beth Hecht ("Hecht") has been a director of the Company since 2015.

13. Defendant John Schmid ("Schmid") has been a director of the Company since 2015.

14. Defendant Linda M. Szyper ("Szyper") has been a director of the Company since 2018.

15. Defendant Alan Heller ("Heller") is Chairman of the Board and has been a director of the Company since 2009.

16. Defendant Bryant Fong ("Fong") has been a director of the Company since 2009.

17. Defendant James Robinson ("Robinson") has been a director of the Company since 2019.

18. Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19. Aytu is a Delaware corporation with its principal executive offices located at 373 Inverness Parkway, Suite 206, Englewood, CO 80112. Aytu is a commercial-stage specialty pharmaceutical company focused on commercializing novel products that address significant patient needs. Aytu currently markets a portfolio of prescription products addressing large primary care and pediatric markets. Aytu's common stock trades on the NASDAQ Capital Market under the ticker symbol "AYTU."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20. Neos is a commercial-stage pharmaceutical company developing, manufacturing and commercializing central nervous system-focused products.

21. The Company currently has three branded products marketed and sold in the United States using Neos' internal commercial organization. These commercial products are extended-release ("XR") medications in patient-friendly, orally disintegrating tablet ("ODT") or oral suspension dosage forms that utilize the Company's microparticle modified-release drug delivery technology platform. Neos received approval from the U.S. Food and Drug Administration ("FDA") for its three attention deficit hyperactivity disorder ("ADHD") products, as follows:

| Branded Product | Approved Indication | FDA Approval Date | Commercial Launch Date |
|---|---|---|---|
| Adzenys XR-ODT (amphetamine) | Treatment of ADHD in patients 6 years and older | January 2016 | May 2016 |
| Cotempla XR-ODT (methylphenidate) | Treatment of ADHD in patients 6 to 17 years old | June 2017 | September 2017 |
| Adzenys ER (amphetamine) oral suspension | Treatment of ADHD in patients 6 years and older | September 2017 | February 2018 |

22.     The Company's lead clinical-stage asset, NT0502 (N-desethyloxybutynin), is an active metabolite of the active ingredient in DITROPAN (oxybutynin chloride), an FDA-approved medication for a urological condition.  NT0502 is a new chemical entity and selective anticholinergic agent that the Company is developing as an oral, once- or twice-daily treatment to reduce chronic sialorrhea in patients with neurological conditions associated with excessive salivation and drooling.

23.     On November 9, 2020, the Company announced its third quarter 2020 financial results.  For the quarter, the Company reported Neos brands outperforming the overall ADHD market, with Adzenys XR-ODT growing by 9.9% and Cotempla XR-ODT growing by 6.5%, compared to the sequential growth of the ADHD market of 4.1%.  Additionally, Neos' commercial ADHD prescriptions filled through the Neos RxConnect pharmacy network grew sequentially by 17.7%.  Commenting on the results, defendant McLaughlin stated:

> During the third quarter, we saw Neos ADHD prescription volumes and the overall ADHD market begin to rebound from the profound impact of the COVID-19 pandemic in the second quarter of 2020, with continued prescription volume strength for the adult segment and a gradual recovery of the pediatric segment. We are pleased with the market rebound, and I am happy to report that, compared to the second quarter, third quarter prescription growth for Neos' ADHD medications was nearly double the overall ADHD market. In addition, we are seeing continued sequential growth of Neos commercial ADHD prescriptions being filled through Neos RxConnect, our best in class patient support program.

**The Proposed Transaction**

24.     On December 10, 2020, Neos and Aytu issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

ENGLEWOOD, CO and GRAND PRAIRIE, TX / December 10, 2020 / Aytu BioScience, Inc. (NASDAQ: AYTU), a specialty pharmaceutical company focused on commercializing novel products that address significant patient needs, and Neos Therapeutics, Inc. (NASDAQ: NEOS), a commercial-stage pharmaceutical company developing and manufacturing central nervous system-focused products, today announced that they have entered into a definitive merger agreement pursuant to which Neos will merge with a wholly owned subsidiary of Aytu in an all-stock transaction.

**Transaction Details**

Upon the effectiveness of the merger (the "Merger"), Neos stockholders will be entitled to receive 0.1088 shares of common stock of Aytu for each share of Neos common stock held, after taking into account the one-for-ten reverse split of Aytu's common stock that was effected on December 8, 2020. The transaction will result in Neos stockholders owning approximately 30% of the fully diluted common shares of Aytu. The all-stock transaction is valued, on a fully diluted basis, at approximately $44.9 million based on the 10-day volume weighted average price of Aytu stock for the period ended December 9, 2020.

Based on unaudited combined pro-forma net revenues for the two companies for the twelve-month period ending September 30, 2020

The boards of directors of both companies have approved the transaction.

**Strategic Rationale and Financial Benefits of the Transaction**

The combined entity will have an increased footprint in the prescription pediatric market, an established, growing multi-brand ADHD portfolio addressing the $8.5 billion ADHD market and significant combined revenue scale. For the 12-month period ending September 30, 2020, Neos generated $57.0 million in revenues. On a combined pro-forma basis for this same period, Aytu and Neos' aggregate net revenue is over $100 million. In addition, this Merger facilitates operational and commercial synergies that can be harnessed to accelerate the path to profitability for the combined entity, with estimated annualized cost synergies of approximately $15.0 million beginning fiscal year 2022.

"This is a truly transformative transaction, elevating the newly combined company to a $100 million revenue, leading specialty pharmaceutical company positioned for what we expect to be an accelerated path to profitability, continued revenue growth and further business diversification," said Josh Disbrow, Chief Executive Officer of Aytu BioScience. "The combination of Neos with the Aytu business further increases our footprint in an attractive pediatric medicine market, following our acquisition of the Cerecor pediatric Rx assets late last year. This transaction is an excellent strategic fit with our market expansion plans and we believe creates strong stockholder value."

Mr. Disbrow continued, "This transaction increases Aytu's addressable market, adding the large and growing ADHD market, with 75.1 million scripts written annually. Importantly, and despite the impact of COVID-19 on this market, Neos' ADHD product growth significantly outpaced the overall ADHD market in the third quarter of 2020, with Adzenys XR-ODT prescriptions growing by 9.9 percent and Cotempla XR-ODT prescriptions growing by 6.5 percent. Expanding into ADHD with Neos is the ideal embodiment of Aytu's strategy to build a portfolio of best-in-class prescription therapeutics and consumer health products competing in large markets."

Neos' Chief Executive Officer, Jerry McLaughlin, stated, "I firmly believe Aytu BioScience is the right partner to continue the exceptional work our team has done to build the ADHD franchise into what it is today and to continue the development of NT0502 for the treatment of sialorrhea. By leveraging the respective commercial infrastructure of Neos and Aytu, including complementary sales call points and our best-in-class patient support program, Neos RxConnect, we expect continued growth of the product portfolio. After a thorough evaluation of strategic alternatives, the Board of Directors of Neos believes that this merger represents the highest-potential value creation opportunity for Neos stockholders."

**Additional Information**

The combined company will be led by Josh Disbrow, Chief Executive Officer of Aytu and will be headquartered in Englewood, Colorado. The board of the combined company will consist of six members designated by Aytu and two members designated by Neos, including Neos Chief Executive Officer and Director Jerry McLaughlin and Neos Director Beth Hecht.

The Merger is currently expected to close by the second quarter of 2021, subject to certain approvals by both Aytu and Neos stockholders and the satisfaction of other customary closing conditions.

As part of the transaction, Aytu has agreed to provide Neos with access to up to $5.0 million cash for working capital needs for the period prior to the closing of the Merger. In addition, upon closing of the Merger, $15.0 million in principal of Neos's existing senior secured debt facility with affiliates of Deerfield Management will be repaid, and Deerfield has agreed to allow the remaining debt under the facility to remain outstanding with the combined company following the Merger. Indebtedness under Neos's existing ABL agreement with Encina Business Credit will also remain outstanding.

**The Proxy Statement Contains Material Misstatements or Omissions**

25.     The defendants filed a materially incomplete and misleading Proxy Statement with

the SEC and disseminated it to Neos' stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

26. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, MTS.  Accordingly, Neos stockholders are being asked to vote for the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning Neos' Financial Projections and MTS's Financial Analyses*

27. The Proxy Statement omits material information regarding Neos management's financial projections.

28. For example, with respect to the "Neos Management Adjusted Aytu Projections" the Proxy Statement fails to disclose Neos management's assumptions for revenue growth and operating expenses applied to the "Unadjusted Aytu Projections" to derive the "Neos Management Adjusted Aytu Projections."

29. The Proxy Statement also omits material information regarding MTS' financial analyses.

30. The Proxy Statement describes MTS' fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of MTS' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Neos' public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on MTS' fairness opinion

in determining whether to vote in favor of the Proposed Transaction.

31. With respect to MTS' *Discounted Cash Flow Analysis -- Neos*, the Proxy Statement fails to disclose: (i) quantification of the terminal values; and (ii) quantification of the individual inputs and the assumptions underlying the range of discount rates of 15.0% to 19.0%.

32. With respect to MTS' *Discounted Cash Flow Analysis -- Aytu*, the Proxy Statement fails to disclose: (i) quantification of the terminal values; and (ii) quantification of the individual inputs and the assumptions underlying the range of discount rates of 9.0% to 13.0%.

33. With respect to MTS' *Pro Forma Combination Analysis*, the Proxy Statement fails to disclose: (i) quantification of the terminal values; and (ii) quantification of the individual inputs and the assumptions underlying the range of discount rates of 9.0% to 13.0%.

34. Without such undisclosed information, Neos stockholders cannot evaluate for themselves whether the financial analyses performed by MTS were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which MTS' opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

35. The omission of this material information renders the statements in the "Certain Prospective Financial Information" and "Opinion of Neos' Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

36. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior

to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Neos will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

37. Plaintiff repeats all previous allegations as if set forth in full.

38. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

39. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about Neos' financial projections and the data and inputs underlying the valuation analyses performed by MTS. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

41. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is

threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of Neos within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Neos, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

47. In addition, as the Proxy Statement sets forth at length, and as described herein, the

Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Neos' stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Neos, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Neos stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 16, 2021            **LONG LAW, LLC**

                                                     By: */s/ Brian D. Long*

**OF COUNSEL:**                        Brian D. Long (#4347)
                                                     3828 Kennett Pike, Suite 208

**WEISSLAW LLP**                     Wilmington, DE 19807
Richard A. Acocelli                  Telephone: (302) 729-9100
1500 Broadway, 16th Floor        Email: BDLong@longlawde.com
New York, New York 10036
Telephone: (212) 682-3025         *Attorneys for Plaintiff*
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com